**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JENNETTE GARCIA,

     Plaintiff,

vs.                                                                                  Civ. No. 11-1017 JP/RHS

MICHELLE TIMBERLAKE,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

On November 16, 2011, Defendant Michelle Timberlake filed a NOTICE OF

REMOVAL (Doc. No. 1), seeking to establish federal jurisdiction based on diversity of

citizenship. Plaintiff Jennette Garcia filed a Motion for Remand,[1] asserting that Defendant failed

to demonstrate that the amount in controversy exceeds $75,000, as required to support diversity

jurisdiction. The Court has considered the parties' briefing, exhibits, and the relevant law, and

the Court concludes that this case should be remanded to state court.

**BACKGROUND**

Plaintiff, a resident of New Mexico, filed an Amended Complaint in New Mexico's First

Judicial District Court, County of Santa Fe, against Defendant, a resident of Texas. *See* Notice of

Removal, Exhibit A. In her Amended Complaint, Plaintiff seeks damages for personal injuries

arising out of an automobile accident. *Id.* Plaintiff alleges that on June 17, 2009, Plaintiff was

---

[1]On November 29, 2011, Plaintiff Jennette Garcia filed PLAINTIFF'S MOTION FOR
REMAND (Doc. No. 4) (Motion for Remand). On December 13, 2011, Defendant Michelle
Timberlake filed DEFENDANT'S RESPONSE OPPOSING REMAND (Doc. No. 7)
(Response). On December 21, 2011, Plaintiff filed a REPLY IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND (Doc. No. 8) (Reply).

1

driving her 2002 Toyota pick-up south on U.S. 84/285, in the area of the intersection of U.S. 84/285 and S.R. 399. *Id.* at 1. Plaintiff alleges that her vehicle was at a complete stop due to road construction when it was struck forcefully from behind by a vehicle driven by Defendant. *See id.* at 1-2. Plaintiff alleges that Defendant's negligence caused Plaintiff to suffer damages including physical injuries, pain and suffering of mind and body, medical bills and costs, future medical expenses, damages for the aggravation of a pre-existing condition, partial loss of enjoyment of life, and the loss of wages, household services, and earning capacity. *Id.* at 2-3. In addition to these damages, Plaintiff alleges that Defendant acted recklessly, with gross negligence, and in wanton disregard of the rights and safety of others, entitling Plaintiff to punitive damages. *Id.* at 3. As New Mexico law requires, Plaintiff did not allege a specific monetary amount of damages in her Amended Complaint. Motion for Remand at 2; *see* Rule 1-008(A)(3) NMRA ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.").

In the Notice of Removal, Defendant argues that Plaintiff's Amended Complaint triggers the original jurisdiction of this Court under 28 U.S.C. § 1332(a)(1). Notice of Removal at 2. Under Section 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[2] Defendant argues that the damages claimed by Plaintiff have "the clear potential to exceed" $75,000. Response at 1. To support the Notice of Removal, Defendant attached as "Exhibit B" a letter dated April 18, 2011, from Plaintiff's counsel to Defendant's insurer, the Progressive Group of Insurance Companies. *See*

---

[2]The parties agree that this civil action is between citizens of different states.

Notice of Removal at 3. In the letter, Plaintiff's counsel summarizes the damages suffered and medical treatment obtained by Plaintiff and concludes that, "as a direct result of the collision," Plaintiff "has incurred a total of $23,380.26 in reasonable and necessary medical bills." Notice of Removal, Exhibit B, at 3. Plaintiff's counsel proceeds to "demand on Ms. Garcia's behalf that Progressive compensate her in the total amount of $150,000, or the policy limits of Ms. Timberlake's liability coverage with Progressive, whichever amount is less." *Id.*

In her Motion for Remand, Plaintiff argues that the amount in controversy is less than $75,000. To support Plaintiff's position, Plaintiff's counsel signed and attached an affidavit to the Motion for Remand, stating that Plaintiff will not assert any claim or seek to recover any amount in excess of $74,500, exclusive of interest and costs. Motion for Remand, Exhibit 1.

## ANALYSIS

### A.     Legal Standard for Removal Based on Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). For removal to be proper, federal district courts must have original jurisdiction over the action sought to be removed. 28 U.S.C. § 1441(b). A federal district court has original jurisdiction over a case involving a federal question or diversity of citizenship. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has diversity jurisdiction if there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

"[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Because federal courts are courts of limited jurisdiction, the

removal statutes are narrowly construed, and all doubts concerning federal jurisdiction are resolved against removal. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

A defendant who removes a case based on diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d at 873. In cases where the complaint fails to specify an amount of damages, the defendant must prove the amount in controversy through other means. *See McPhail*, 529 F.3d at 953-56. The Tenth Circuit Court of Appeals has explained that a defendant can establish the jurisdictional amount in a variety of ways. For example, a "defendant may rely on an estimate of the potential damages from the allegations in the complaint." *Id.* at 955. These potential damages may include punitive damages. *See Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). The defendant may use interrogatories or affidavits to support the notice of removal. *McPhail*, 529 F.3d at 956. And "a plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id.* (quotation marks and citation omitted). This list is not exclusive; proponents of federal jurisdiction may establish the amount in controversy by other means. *Id.* at 954. If a defendant proves jurisdictional facts, which demonstrate the amount in controversy exceeds $75,000, the case stays in federal court unless it is "legally certain that less than $75,000 is at stake." *Id.* (quotation marks omitted).

"[T]he propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-89 (10th Cir. 1991). With regard to the amount in controversy, the Supreme Court has explained that "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Thus, a plaintiff cannot defeat federal jurisdiction after the removal by reducing the amount in controversy that was alleged in the complaint through stipulations, affidavits, or amendments to the pleadings. *Id.* at 292.

But if the amount in controversy is not clear at the time of removal, the Court may consider extrinsic evidence submitted after removal as a basis for determining the amount in controversy. *See McPhail*, 529 F.3d at 956. More specifically, the Court may give effect to a plaintiff's post-removal stipulation or affidavit that clarifies an otherwise ambiguous amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (explaining that the plaintiff's "post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal); *see, e.g., Tanet v. USAA Ins. Co.*, Civ. No. 09-6779, 2011 WL 39036, at *3 (E.D. La. Jan. 5, 2011) ("A plaintiff may, through a post-removal affidavit, affirmatively renounce his right to collect damages in excess of the $75,000 threshold amount for diversity jurisdiction."); *Hehner v. Bay Transp., Inc.*, Civ. No. 09-2141-KHV, 2009 WL 1254442, at *1 (D. Kan. May 5, 2009) ("[T]he court may give effect to a post-removal affidavit or stipulation which clarifies an otherwise ambiguous amount in controversy."); *Tolbert v. K–Mart*, No. CA 06-0864-C, 2007 WL 778461, at *1 (S.D. Ala. Mar. 8, 2007) ("[D]istrict courts in the Eleventh Circuit characterize a post-removal amount-in-controversy stipulation as a clarification permitted by *St.*

*Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938), rather than an amendment or

post-removal action forbidden by the Supreme Court in *St. Paul*."); *Hollon v. Consumer*

*Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 853 (E.D. Ky. 2006) (construing the plaintiff's

post-removal stipulation as a clarification, rather than a reduction, of the amount in controversy);

*Sapp v. Youth Advocate Programs, Inc.*, Civ. No. 3-05CV2455-K, 2006 WL 1686503, at *2

(N.D. Tex. June 20, 2006) (concluding that the plaintiff was "entitled to determine jurisdiction"

thorough a post-removal affidavit "by limiting the amount in controversy to an amount below

the jurisdictional amount"); *Oder v. Buckeye State Mut. Ins.*, 817 F. Supp. 1413, 1414 (S.D. Ind.

1992) (concluding that remand was warranted because the plaintiffs submitted a post-removal

certification, which clarified that plaintiffs did not seek to recover any amount in excess of the

jurisdictional floor); *cf. Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001) (Kelly, J.,

sitting by designation) (noting that when a complaint is silent regarding the amount of damages

sought, courts may consider "a plaintiff's refusal to stipulate or admit that he or she is not

seeking damages in excess of the requisite amount").

**B.     Defendant Has Not Established that the Amount in Controversy Exceeds $75,000.**

Because Plaintiff's Amended Complaint is silent on the amount of damages, Defendant

must establish by a preponderance of the evidence that the amount in controversy exceeds

$75,000. In the Notice of Removal, Defendant reiterates the damages alleged by Plaintiff in the

Amended Complaint, including punitive damages. *See* Notice of Removal at 2-3. In addition,

Defendant filed as an exhibit the April 18, 2011, letter from Plaintiff's counsel to Defendant's

insurer. In the letter, Plaintiff's counsel states that Plaintiff has incurred $23,380.26 in medical

bills. Notice of Removal, Exhibit B, at 3. The only other dollar figure in the letter is Plaintiff's

demand for "$150,000, or the policy limit, . . . whichever is less." *Id.* However, as Plaintiff

argues, Defendant has not filed the insurance policy as an exhibit or otherwise shown that the policy limit exceeds $75,000. *See* Motion for Remand at 3; *cf. State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271-72 (10th Cir. 1998) (holding that the amount in controversy was the insurance policy limit of $50,000, which was inadequate to confer diversity jurisdiction). Defendant has failed to buttress her claim of federal jurisdiction with damage estimates, affidavits, discovery responses, or any other source of information which would demonstrate that the amount in controversy exceeds $75,000. And although Plaintiff is seeking punitive damages, Defendant provides no underlying facts to quantify or approximate what a punitive damage award might amount to in this case. Defendant has not provided sufficient jurisdictional facts to establish that this Court has diversity jurisdiction or to overcome the presumption against removal jurisdiction.

Moreover, Plaintiff's counsel has presented an affidavit clarifying that the amount in controversy is less than the jurisdictional minimum. Because the amount in controversy was ambiguous at the time Defendant filed the Notice of Removal, the Court may consider Plaintiff's counsel's post-removal affidavit when determining whether the amount in controversy exceeds $75,000. Defendant argues that, although Plaintiff's counsel has filed an affidavit stating that Plaintiff "will not assert any claim nor seek to recover any amount" in excess of $74,500, "the affidavit is silent regarding whether Plaintiff herself will seek to recover excess amounts, if a state court jury awards an amount greater than $74,501." Response at 4. But Plaintiff is bound by her attorney's representations. *See Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1157 (10th Cir. 2007). The affidavit establishes that the amount in controversy does not exceed $75,000.

In light of Defendant's failure to prove that the amount in controversy exceeds $75,000, Plaintiff's counsel's affidavit clarifying that the amount in controversy will not exceed $74,500,

and the presumption against removal jurisdiction, the Court concludes that federal jurisdiction is lacking. This case will be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## C.     Attorney's Fees and Costs

Plaintiff requests costs and attorney fees under 28 U.S.C. § 1447(c), which provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Defendant argues that the Court should not award costs and attorney fees because the removal was predicated on good faith and objective reasonableness. Response at 4-5.

The United States Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see, e.g.*, *Huber-Happy v. Rankin*, 233 Fed. Appx. 789, 790 (10th Cir. 2007) (finding removal objectively unreasonable because "federal courts will not assume general jurisdiction over state-court probate matters"). With this general rule in mind, "district courts retain discretion to consider whether unusual circumstances warrant" an award of costs and fees in a given case. *Martin*, 546 U.S. at 141.

The Court agrees with Defendant that the removal was objectively reasonable. Plaintiff's Amended Complaint did not establish whether the amount in controversy exceeds $75,000. Plaintiff's counsel's affidavit, which clarifies the amount in controversy, was not filed until after

Defendant filed the Notice of Removal. Given the ambiguity in the Amended Complaint, it was reasonable for Defendant to argue that Plaintiff's $150,000 settlement demand is an estimate of Plaintiff's damages. *See McPhail*, 529 F.3d at 956 ("[A] plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." (quotation marks and citation omitted)). And the Court may consider punitive damages, such as those Plaintiff seeks, as part of the amount in controversy if punitive damages "are recoverable as a matter of governing substantive law" and there is "some factual evidence of entitlement to punitive damages." *Wiatt v. State Farm Ins. Cos.*, 560 F. Supp. 2d 1068, 1075 (D.N.M. 2007). Despite Defendant's ultimate failure to establish diversity jurisdiction, Defendant's removal was reasonable and appears to have been in good faith. The Court concludes that an award of costs and attorney fees is not warranted under these circumstances.

     **IT IS ORDERED** that: (1) PLAINTIFF'S MOTION FOR REMAND (Doc. No. 4) is GRANTED IN PART, and this case is remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico; and (2) PLAINTIFF's MOTION FOR REMAND is DENIED IN PART as to Plaintiff's request for costs and attorney fees.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE